**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARY DORTLY, individually, and
WILLIE DORTLY, individually, her
husband,

            Plaintiffs,

vs.                                      Case No. 3:15-cv-1060-J-34JRK

PENNY CIARDELLI, individually, and
DARLENE DEERING, individually,

            Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On August 27, 2015, Defendant Penny Ciardelli (Ciardelli) filed a notice of removal notifying the Court of her intent to remove this action to the United States District Court for the Middle District of Florida, Jacksonville Division, and purporting to set forth the facts establishing that the Court has jurisdiction over this action. See Notice of Removal (Doc. 1; Notice) at 1-3. Specifically, Ciardelli asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and therefore, the action is removable under 28 U.S.C. § 1441. See id. at 1. In support of this assertion, Ciardelli declares that Plaintiffs "were residents of Lake City, Columbia County, Florida." Id. at 2. In addition, Ciardelli alleges that she "is and was a resident and citizen of Winona, Ontario." Id. However, upon review, the Court determines that these allegations are insufficient to identify the citizenship of Plaintiffs. In addition, the Notice fails to include any allegations with respect to the citizenship of Defendant Darlene Deering (Deering). Moreover, the Complaint (Doc. 2) does not offer sufficient additional information to satisfy the Court's jurisdictional inquiry. Thus, the Court is unable to determine whether it has diversity jurisdiction over this action.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Because the Notice

discloses only the residence of Plaintiffs Mary Dortly and Willie Dortly, Jr., rather than their state of citizenship, the Court finds that Ciardelli has not alleged the facts necessary to establish the Court's jurisdiction over this case. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

In addition, Ciardelli does not identify the state of citizenship of her co-Defendant Darlene Deering (Deering). Upon review of the filings in this case, it appears that Plaintiffs have not yet effected service of process on Deering.[1] Nonetheless,

> [a] non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.

See New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 883-84 (5th Cir. 1998) (collecting cases). Thus, for this Court to have diversity jurisdiction over this case, Deering's citizenship must also be diverse from that of Plaintiffs. As such, in the absence of any allegations as to Deering's citizenship, Ciardelli has not alleged the facts necessary to establish the Court's jurisdiction over this case. In light of the foregoing, the Court will give Ciardelli an opportunity

---

[1] The Court notes that the Notice does not disclose whether Deering joins in or consents to the removal of this action. See Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1049 (11th Cir. 2001) ("[T]he law is well settled that in cases involving multiple defendants all defendants must consent to the removal of a case to federal court."). However, because Deering has not been served, Ciardelli may properly remove this action without Deering's consent. See White v. Bombardier Corp., 313 F. Supp. 2d 1295, 1299 (N.D. Fla. 2004) (noting that there is an exception to the unanimity requirement where a non-consenting defendant has not yet been served with process).

to establish diversity of citizenship between the parties and that this Court has jurisdiction over the action.[2]   Accordingly, it is

**ORDERED**:

Defendant Penny Ciardelli shall have until **September 16, 2015**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville Florida, this 2nd day of September, 2015.

*[signature: Marcia Morales Howard]*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record

---

[2]   The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").